CASE 90—INDICTMENT FOR BRIBERY—Oct. 22.

# Commonwealth v. Headley.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

INDICTMENT DISMISSED ON DEMURRER AND THE COMMONWEALTH AP-
PEALS.   REVERSED.

BRIBERY—INDICTMENT—PAYMENT OF MONEY TO INDUCE ELECTION OF-
FICERS TO INFLUENCE VOTES—LIBERAL CONSTRUCTION OF INDICT-
MENT.

Held:  1. Under Kentucky Statutes, sec. 1587, providing for the
punishment of any person who shall bribe another, an in-
dictment for bribery, charging that defendant bribed B. by
paying him a certain sum of money "for the purpose of buying
his influence with the Democratic challengers and election of-
ficers" at a certain election, "and for the purpose of bribing
the said challengers and election officers for the purpose of
procuring and influencing votes" at such election, is good,
it being provided by Id., sec. 1586, that "whoever shall re-
ceive money or other thing of value to be used for the pur-
pose of procuring or influencing a vote or votes shall be
deemed to have been bribed."
2. Such an indictment is also good at common law, the intention of
defendant, according to its averments, being to induce B. to
corrupt the election officers.
3. Under Kentucky Statutes, section 1591, providing that "this
chapter shall be liberally construed, so as to prevent any
evasion of its prohibitions and penalties by shift or device,"
an indictment for bribery under that chapter must receive a
liberal construction.

W. F. BRADSHAW, COMMONWEALTH'S ATTORNEY, AND ROBERT J.
BRECKINRIDGE, ATTORNEY-GENERAL FOR COMMONWEALTH, FOR
APPELLANT.

The indictment in this case is as follows:   The grand jurors
of the county of McCracken in the name and by the authority
of the Commonwealth of Kentucky, accuse E. M. Headley of the
offense of bribery, committed in manner and form as follows,
to-wit:   The said E. M. Headley in the said county of Mc-
Cracken, on the 14th day of December, 1900, and within two
years before the finding of the indictment, did unlawfully bribe

Commonwealth v. Headley.

W. E. Baker by paying him the sum of one hundred and fifty dollars to-wit, fifteen ten dollar bills, lawful money of the United States, of the value of one hundred and fifty dollars, for the purpose of buying his influence with the Democratic challengers and election officers of the city of Paducah, and for the purpose of bribing the said challengers and election officers for the purpose of procuring and influencing votes at a general election to be held November 6, 1900, in the county of McCracken and city of Paducah, to elect a Governor of the State of Kentucky and Representative in the Congress of the United States from the First Congressional District of Kentucky, against J. C. W. Beckham, candidate for Governor of the State of Kentucky, and Charles E. Wheeler, candidate for Representative in Congress of the United States from said district, they being candidates to be voted for at said election."

W. F. BRADSHAW, COMMONWEALTH'S ATTORNEY SECOND JUDICIAL DISTRICT.

To this indictment a demurrer was filed and sustained by the court.

We submit that this indictment is good either at common law or under the statute. It contains a direct charge that defendant gave another $150 in money as a bribe for his influence in the election soon thereafter to take place, naming the person bribed, the date of the election and the candidates to be voted for and persons to be influenced.

### AUTHORITIES CITED.

Com. v. Stephens, 3 Metc., 204; Com. v. Selby, 87 Ky., 594; Kentucky Statutes, sec. 1586, 1587; Com. v. Root, 96 Ky., 533; Walsh v. People, 65 Ill., 58; (6 Am. Rep., 569) Blackstone, vol. 1, page 179 and notes; Bishop Crim. Law, vol. 1, sec. 922; Russell on Crimes, secs. 156-8; State v. Jachson, 4 Am. Rep., 342; Com. v. Silsbee, 9 Mass., 417; Com. v. Hoxey, 16 Mass., 385; State v. Purdy, 36 Wis., 224; State v. Collier, 72 Mo., 13; People v. Thornton, 25 Hun., 555; Com. v. McHale, 97 Penn. St., 397; (39 Am. Rep., 808) Curran v. Taylor, 92 Ky., 537.

W. M. REED, GREER & REED AND THOS. E. MOSS, ATTORNEYS FOR APPELLEE.

1. We submit that the indictment in this case does not constitute a charge of bribery under the Kentucky Statutes. Johnson v. Com., 90 Ky., 53; Cheek v. Com., 87 Ky., 42; Com. v. Root, 96 Ky., 533; Com. v. Steele, 97 Ky., 27.

Commonwealth v. Headley.

2. We concede that bribery in elections is a common law offense, but we insist that this indictment does not charge a public offense at common law.

It nowhere charges that Baker, who is alleged to have received the money, was either an official, or was in the discharge of, or in the performance of, some official public or legal duty. 4 Am. & Eng. Ency., (2d. ed.) 907, 911; Curran v. Taylor, 13 Ky. Law Rep., 752; Com. v. McHale, 39 Am. Rep., 808.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

The grand jury of McCracken county returned an indictment against E. M. Headley, charging him with the offense of bribery. The indictment reads as follows: "The grand jurors of the county of McCracken, in the name and by the authority of the Commonwealth of Kentucky, accuse E. M. Headley of the offense of bribery, committed in manner and form as follows, to wit: The said E. M. Headley, in the said county of McCracken, on the 14th day of December, 1900, and within two years before the finding of this indictment, did unlawfully bribe W. E. Baker, by paying to him the sum of one hundred and fifty dollars, to wit, fifteen ten-dollar bills, lawful money of the United States, of the value of one hundred and fifty dollars, for the purpose of buying his influence with the Democratic challengers and election officers of the city of Paducah, and for the purpose of bribing the said challengers and election officers for the purpose of procuring and influencing votes at a general election to be held November 6, 1900, in the county of McCracken, and city of Paducah, to elect a governor of the State of Kentucky and representatives in the congress of the United States from the First congressional district of Kentucky, against J. C. W. Beckham, candidate for governor of the State of Ken-

.tucky and .Charles .K. Wheeler, candidate for representative in Congress of the United States from said district, they being candidates to be voted for at said election, against the peace and dignity of the Commonwealth of Kentucky." Thereafter, at the December term of said court, defendant entered a demurrer to the indictment, and at the April term, 1901, the following judgment was rendered: "The defendant's demurrer heretofore entered to the indictment herein is, upon the court being advised, sustained, and it is ordered that the indictment herein be and the same is, now dismissed, to all of which the attorney for Commonwealth objects and excepts, and prays. an appeal to the court of appeals, which is granted; and it is ordered that the defendant remain on bond during the pendency of the appeal, to which the defendant objected and excepted." It is the contention of appellee that the indictment fails to state any offense, either under the statute or at common law, and he has argued these propositions at great length. It is the contention of appellant that the indictment is sufficient both under the statute and under the common law.

Section 1586, Kentucky Statutes, provides, that "any person guilty of receiving a bribe for his vote at any election, or for services or influence in procuring a vote or votes at an election, shall be fined from fifty to five hundred dollars, and be excluded from office and suffrage." Subdivision 1 of the said section reads as follows: " 'Bribe' or 'bribery' means any reward, benefit or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit or advantage." Subdivision 2 provides that "money or other thing of value given or lent in whole or in part, to be betted on the result of an election,

or the promise thereof, or a bet with another that such other will vote for a named candidate, and the gift or promise of a share in any such bet made or to be made, shall be deemed a bribe." It is provided in subdivision 3 that "whoever shall receive money or other thing of value to be used for the purpose of procuring or influencing a vote or votes shall be deemed to have been bribed." It is provided in section 1587 that "whoever shall bribe another shall, on conviction, be fined from fifty to one hundred dollars, or imprisoned from ten to ninety days, or both so fined and imprisoned, and be excluded from office and suffrage." Section 1591 provides that "this chapter shall be liberally construed, so as to prevent any evasion of its prohibitions and penalties by shift or device." It is evident that the money paid to Baker was paid or furnished for some purpose, and the purpose for which it is alleged in the indictment to have been furnished must, upon demurrer, be taken as true; and, if such purpose be within the definition of bribery given by the statute, then the indictment must be held to be sufficient. The indictment charges that the defendant did unlawfully bribe W. E. Baker. The acts constituting the bribery are, in substance, that defendant gave Baker $150 for the purpose of buying his influence with the Democratic challengers and election officers of the city of Paducah, and for the purpose of procuring and influencing votes against J. C. W. Beckham and Chas. K. Wheeler. It seems to us that there can be no question but that the indictment charges the buying of Baker's influence with the Democratic challengers and officers of election for the purpose of procuring and influencing votes. It is true that the indictment says, "and for the purpose of bribing the said challengers and election officers." We have already seen that by section

1586 any person is bribed who shall receive money or other thing of value for the purpose of procuring or influencing a vote or votes, and it is further provided that bribery means any reward, benefit, or advantage, present or future, to the party influenced or intended to be influenced, or to another at his instance, or the promise of such reward, benefit, or advantage. Subsection 3 provides that whoever shall receive money or other thing of value to be used for the purpose of procuring or influencing a vote or votes shall be deemed to have been bribed. It seems clear to us that the indictment sufficiently charges that the money was paid to Baker for his influence in procuring a vote or votes, and that such action brings the parties within the definition given of bribery aforesaid. It will be further seen that by subsection 3 it is provided that whoever shall receive money or other thing of value to be used for the purpose of procuring or influencing a vote or votes shall be deemed to have been bribed. Section 151 of the Constitution reads as follows: "The General Assembly shall provide suitable means for depriving of office any person who, to procure his nomination or election, has, in his canvass or election, been guilty of any unlawful use of money or other thing of value, or has been guilty of fraud, intimidation, bribery, or any other corrupt practice, and he shall be held responsible for acts done by others with his authority, or ratified by him." The most liberal construction in behalf of defendant that can be given to the indictment would be that Headley paid Baker $150 to induce Baker to induce or influence the Democratic challengers and officers of election to procure votes against Beckham and Wheeler, and we think that this construction is clearly bribery under the provisions of the statute, supra; and it is worthy of note that section 1591 substantially

modifies the rule of strict construction which is often applied to other indictments, for it provides that the chapter shall be liberally construed, so as to prevent any evasion of its prohibitions or penalties by shift or device. It would hardly be contended that the indictment was not sufficient if it had charged that defendant paid $150 to the challengers and officers of the election for their influence in procuring votes against the candidates aforesaid, and it can certainly make no material difference that Headley, through Baker, contracted and stipulated for the same service, or sought the same results. It is evident that an agreement made in violation of the statute constitutes bribery, although the person bribed may not in fact vote, or procure a vote or votes that he undertook to influence or procure. It seems to us to be the true meaning and intent of the Legislature that the influence of a party procuring votes should not become a commodity, or an article of merchandise. We do not mean to intimate that a party may not legally influence voters by argument or reasoning, and he may also receive reasonable compensation for his time and traveling expenses properly attending his efforts to reason with and enlighten the voter. The theory of our government is that it rests upon the intelligence, patriotism, and discriminating justice of the people. Hence any effort to debauch the voter or procure or influence his vote by dollars and cents or other sordid means tends to corrupt elections, and thwart the will of the honest and patriotic voters. We are further of opinion that the indictment is good under the common law. The evident intention of the defendant, according to the indictment, was to induce Baker to corrupt the challengers and officers of the election, which, if accom-

plished, would be more disastrous to a fair and free election than the purchase direct of individual voters.

For the reasons indicated, the judgment is reversed, and cause remanded, with directions to overrule the demurrer to the indictment, and for proceedings consistent herewith.

Judges DuRelle and Burnam dissent.